# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ERICA KENNEDY-KELLEY, <br><br> Plaintiff, <br><br> v. <br><br> THE CSI COMPANIES, INC. <br> & <br> CORAM SPECIALTY INFUSION SERVICES, LLC, <br><br> Defendants. | CIVIL ACTION FILE NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Erica Kennedy-Kelley, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendants The CSI Companies, Inc ("Defendant CSI") and Coram Specialty Infusion Services, LLC ("Defendant Coram"), and states as follows:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. ("Title VII").

2. Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II. PARTIES

4. Plaintiff is a citizen of the United States and a current resident of Coweta County, Georgia.

5. Defendant CSI is a Foreign Profit Corporation doing business in the state of Georgia, with a principal office located at 9995 Gate Parkway N., Suite 100, Jacksonville, Florida, 32246.

6. Defendant Coram is a Foreign Limited Liability Company doing business in the state of Georgia, with a principal office located at One CVS Drive, Woonsocket, Rhode Island 02895.

7. In all relevant respects, Defendants are joint employers.

8. This Court has jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

9. Defendant CSI may be served by delivering a copy of the Complaint and Summons to its Registered Agent, Cogency Global Inc., 900 Old Roswell Lakes

Parkway, Suite 310, Roswell, Georgia 30076.

10. Defendant Coram may be served by delivering a copy of the Complaint and Summons to its Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

11. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

### III. FACTUAL ALLEGATIONS

12. Plaintiff is female.

13. Plaintiff began working with Defendant Coram, through placement by Defendant CSI, on August 3, 2018.

14. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a Pharmacy Technician.

15. During times relevant to this Complaint, Ms. Toyia Simpkins, Pharmacy Supervisor, served as Plaintiff's immediate supervisor with Defendant Coram.

16. Plaintiff's primary contact with Defendant CSI was Ms. Alesia Halliday.

17. Plaintiff received no indications of an unsatisfactory performance during her employment with Defendants.

18. Plaintiff is a follower of the Holiness Movement.

19. Due to her religious beliefs, Plaintiff may only wear skirts, as Holiness prohibits her from wearing pants.

20. Following her hire with Defendant Coram, Plaintiff advised both CSI and Coram that she was not able to wear pants after discussions regarding the Coram dress code.

21. Plaintiff advised Defendants of her religion.

22. As Defendant Coram requires that Pharmacy Technicians wear scrubs, Plaintiff requested that she wear scrubs skirts, which go down to her feet.

23. Ms. Simpkins initially agreed to Plaintiff's request for a religious accommodation, and indicated that she would order Plaintiff a special skirt that she could wear in the sterile compounding area.

24. Approximately one week into her employment, Defendant Coram began to deny Plaintiff the accommodation initially agreed to.

25. Ms. Simpkins insisted that Plaintiff wear a "bunny suit" in the sterile compounding area.

26. As Pharmacists are permitted to work in the sterile compounding area in a lab coat, Plaintiff requested that she not be forced to wear the bunny suit, as they are essentially pants and prohibited by her religion.

27. Ms. Simpkins denied Plaintiff's request.

28. Ms. Simpkins began to comment on Plaintiff's clothing on a regular basis.

29. These statements included commentary regarding Plaintiff's wearing of skirts instead of pants.

30. Ms. Simpkins inquired as to Plaintiff's undergarments, and whether Plaintiff was hearing hosiery under her skirt and socks.

31. Ms. Simpkins did not ask male employees about their underwear.

32. Ms. Simpkins would also discuss Plaintiff's undergarments in front of other employees.

33. Ms. Simpkins ultimately instructed Plaintiff that she must either start wearing pants or lie about wearing pantyhose.

34. On August 16, 2018, Plaintiff emailed Defendant Coram to request a new position that would not involve a special accomodation for her religion.

35. That request was denied.

36. On August 23, 2018, Plaintiff emailed Ms. Halliday regarding the religious discrimination she was facing from Ms. Simpkins and Defendant Coram.

37. No remedial action was taken by either Defendant CSI or Defendant Coram.

38. On September 13, 2018, less than one month following her complaints of

discrimination, Plaintiff was advised via a text from Defendant CSI that she was terminated from her employment with Defendant Coram.

39. No reason was given to Plaintiff for her termination from her employment with Defendants.

40. Plaintiff filed claims against both Defendants with the EEOC in November 2018, Charge Numbers 410-2018-09005 and 410-2019-00979C.

41. Plaintiff received her Dismissal and Notice Rights from the EEOC, dated August 27, 2020.

## IV. CLAIMS FOR RELIEF

## COUNT I: TITLE VII RELIGIOUS DISCRIMINATION

42. Plaintiff reasserts and incorporates Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43. Plaintiff is a member of a protected class by virtue of her religion.

44. Defendants were aware of Plaintiff's religion.

45. Plaintiff had a bona fide religious belief that conflicted with an employment requirement.

46. Plaintiff informed Defendants that she was not able to wear pants, and instead requested that she wear long scrub skirts and a lab coat in the sterile

compounding area.

47. Defendants refused this reasonable request, and ultimately terminated Plaintiff after consistently challenging her religious dress code.

48. Plaintiff also requested a transfer into an open position that would not require a religious accommodation.

49. Plaintiff's request for a transfer was denied by Defendants.

50. Defendants have no legitimate reason for denying Plaintiff's requests for accommodations.

51. Defendants have no legitimate business reason for the adverse actions taken against Plaintiff.

## COUNT II: TITLE VII RETALIATION

52. Plaintiff reasserts and incorporates Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. Plaintiff made a protected complaint when she disclosed religious discrimination and failure to accommodate to Defendants CSI and Coram.

54. Plaintiff was terminated following her complaints of religious discrimination and failure to accommodate.

55. The short timing between Plaintiff's protected disclosure to her termination

shows causation.

56. Defendants have no legitimate non-retaliatory business reason for the adverse actions taken against Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Declaratory relief;

b. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury;

c. Punitive damages; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted this 25th day of November, 2020.

-9-

          THE KIRBY G. SMITH LAW FIRM, LLC

          <u>s/Amanda M. Brookhuis</u>
          Amanda Brookhuis
          Georgia Bar No. 601396
          Kirby G. Smith
          Georgia Bar No. 250119
          *Attorneys for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 25th day of November, 2020.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda Brookhuis
Georgia Bar No. 601396
Kirby G. Smith
Georgia Bar No. 250119
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this 25th day of November, 2020.

                                            THE KIRBY G. SMITH LAW FIRM, LLC

                                            s/Amanda M. Brookhuis
                                            Amanda Brookhuis
                                            Georgia Bar No. 601396
                                            Kirby G. Smith
                                            Georgia Bar No. 250119
                                            *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com